# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**J.A. FISCHER, A.C. RUGH, P.D. LOCHNER**
Appellate Military Judges

## UNITED STATES OF AMERICA

v.

## ROBERT E. MILLER
## AVIATION BOATSWAIN'S MATE (FUELS) FIRST CLASS (E-6), U.S. NAVY

### NMCCA 201600019
### GENERAL COURT-MARTIAL

**Sentence Adjudged:** 2 November 2015.
**Military Judge:** CAPT Ann K. Minami, JAGC, USN.
**Convening Authority:** Commander, Navy Region Northwest, Silverdale, WA.
**Staff Judge Advocate's Recommendation:** CDR E.K. Westbrook, JAGC, USN.
**For Appellant:** LT Doug Ottenwess, JAGC, USN.
**For Appellee:** Brian Keller, Esq.

**7 June 2016**

---------------------------------------------------
### OPINION OF THE COURT
---------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge, sitting as a general court-martial, convicted the appellant, in accordance with his pleas, of four specifications of sexual abuse of a child in violation of Article 120b, Uniform Code of Military Justice, 10 U.S.C. § 920b (2012). The convening authority (CA) approved the adjudged sentence of 15 years' confinement, reduction to pay grade E-1, and a dishonorable discharge. Pursuant to a pretrial agreement, the CA suspended all confinement in excess of 12 years. We are convinced that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant occurred. Arts. 59(a) and 66(c), UCMJ.

In Specifications 1 and 2 of the Charge, the appellant was charged with sexual assault of a child by penetrating K.S.'s vulva with his penis and tongue. The appellant pleaded not guilty

to these offenses but guilty to the lesser included offense (LIO) of sexual abuse of a child for each specification. During his providence inquiry, the appellant admitted to touching K.S.'s vulva with his penis and tongue, but not to penetrative acts as originally charged. The CA's action listed the original specifications and accurately reflected the appellant's pleas to the LIOs. However, neither the court-martial order nor the CA's action articulated the conduct to which the appellant pleaded guilty in the form of modified specifications.

The appellant does not allege error in this regard, and we do not find error. Nonetheless, we apply our authority under Article 66, UCMJ, to only affirm such findings of guilty as we find correct in law and fact. As to Specifications 1 and 2 under the Charge, we affirm the findings of guilty except for the words "sexual" and "penetrated" and substituting therefor the words "lewd" and "touched." The remaining findings of guilty are also affirmed, as is the sentence approved by the CA.

The Supplemental Court-Martial Order will reflect that as to Specifications 1 and 2 of the Charge the amended specifications are as follows:

Specification 1: In that Aviation Boatswain's Mate (Fuels) First Class Robert E. Miller, U.S. Navy, Transient Personnel Unit Puget Sound, Naval Base Kitsap, Silverdale, Washington, on active duty, did, at or near Bremerton, Washington, on divers occasions from on or about December 2014 to on or about April 2015, commit lewd acts upon K.S., a child who had attained the age of 12 years, but had not attained the age of 16 years, to wit: touched K.S.'s vulva with his penis.

Specification 2: In that Aviation Boatswain's Mate (Fuels) First Class Robert E. Miller, U.S. Navy, Transient Personnel Unit Puget Sound, Naval Base Kitsap, Silverdale, Washington, on active duty, did, at or near Bremerton, Washington, on divers occasions from on or about December 2014 to on or about April 2015, commit lewd acts upon K.S., a child who had attained the age of 12 years, but had not attained the age of 16 years, to wit: touched K.S.'s vulva with his tongue

For the Court

R.H. TROIDL
Clerk of Court

2